GEORGIA,
Chatham Co.
JAN. 1808.

Horskins
vs.
Williamson.

*Minutes of Superior Court, letter F. p.* 420.

### HORSKINS *vs.* WILLIAMSON.

#### EXECUTOR AND ADMINISTRATION.

THE petition of the plaintiff stated, that the defendant, *John G. Williamson*, is the surviving executor of *Bartholomew Waldberger:* that *B. Waldberger*, in his life time, gave a bond to *Henrietta B. Jones* and *Frances Fox*, in their lives executrixes of one *Henry Bourquin*, for the sum of £1000 : that *H. B. Jones* survived *Frances Fox*, and that the debt has not been paid to the present plaintiff, who claims the right to recover it as administratrix *de bonis non*, and with the will annexed of *H. B. Jones*, the surviving obligee.

To this action the defendant's attorney plead in bar, " that the said bond, and cause of action accruing thereon, devolved on the said *H. B. Jones* and *Frances Fox*, as executrixes of *H. Bourquin*, and that the said bond can only be sued by the executor or the administrator of the will annexed of *Henry Bourquin*, and not by the administratrix of *H. B. Jones*."

In support of this plea, it was argued as a principal objection to the action in its present shape, " that if the present administratrix recovers the amount of the bond, it will be assets in her hands for the debts of the *intestate ;* whereas it appears on the face of it, and by the declaration, to have been given to the executors of *H. Bourquin*, whose heirs and creditors are entitled to the proceeds."

In opposition to a recovery as administratrix of the surviving obligee, and not as the representative of *H. Bourquin*, the following cases were cited. Dougl. 637. Salk. 306. Skin. 143. pl. 15. 6 Modern, 290. Ld. Raym. 1072. 4 T. R. 619. 622.

Against the plea it was contended, that the true criterion for the determination of the question, would be the ascer-

GEORGIA,
Chatham Co.
JAN. 1808.

Horskins
vs.
Williamson.

tainment of the person to whom this right of action originally belonged ; for, if this right of action existed in the life time of the first testator, and was vested in him, then the right of *H. B. Jones*, the executrix, would be merely derivative, and upon her death this derivative right would be transmitted to the administrator *de bonis non*, as the next representative of him from whom it was derived ; but if such right never had existed in the life time of the first testator, if it accrued originally and not derivatively, to *H. B. Jones* the executrix, then it must pass directly to *her* representatives, and not to the representatives of the first testator, upon this obvious principle of law and reason, that the representative cannot derive from his principal a right, which that principal did not himself possess.    Now the bond which is the foundation of this action is given to *H. B. Jones* and *Frances Fox*, executrixes of *H. Bourquin*, the conclusion was then obvious, that *H. Bourquin* in his life time, never had an action upon this bond.

In support of these positions, and of the right of the executor, and his representative, to sue for debts contracted by bond, or otherwise, with the executor, and that in such suits it is not necessary to specify the interest of the first testator, the following cases were cited.    1 Wils. 172. 11 Vin. 108. Sect. 7. 2 Freem. Rep. 139. Chan. Cas. 224. 11 Vin. 108. Sect. 5. Vent. 275. Sc. 2 Lev. 100. 11 Vin. 110. Sect. 17. 10 Mod. 315. 11 Vin. 110. Sect. 16. 6 Mod. 181. 4 Term Rep. 619. 622. 7 Durn. and East's Rep. 45. Vern. 94. 11 Vin. 109. Vern. 473. 3 Bacon Abr. 20. 2 Vernon, 362.


Per *Charlton*, Judge.

The strong current of English authorities runs in favour of the present plaintiff to recover this bond ; and I think the apprehension suggested of its being considered a component part of the offsets of the executrix of the first testator, are not well founded.

The right to maintain this action is one thing, the right to the money when recovered is another.    The bond is given

to *H. B. Jones* and *Frances Fox*, executrixes of *H. Bourquin*, it is so stated in the bond. It is not alleged any where, that this is a debt due to the surviving obligee in her individual capacity. Where there is the danger of the amount of this bond being considered as assets, in the hands of the administratrix *de bonis non*, courts of law as it has been said by the defendant's attorney, will take notice of trusts, and upon this principle have gone so far as to allow pleas, not consistent with a bond. In addition to the authority of 4 Term Rep. 619. 622., the cases of Rudge *vs.* Birch, 1 Term Rep 622. and Winchester *vs.* Keely, 1 Term Rep. 619, might have been cited. These cases show, that courts of law are authorized to guard and protect the beneficial interest of the *cestuy que trust*, whenever that interest is connected with cases, brought properly before them. And, therefore, if an apprehension is entertained of an improper application of money, which a trustee has been allowed to recover in courts of law, they can take the trust under their control, and through the medium of the sheriff, direct the money in its proper channel ; they can prevent a confusion of interests, by designating the proper party to be benefited, as was done in the case of Winch. *vs.* Keely.

If such a latitude is now given courts of law over trusts, the fears of the representatives of *H. Bourquin*, the first testator, should disappear ; for the law as well as the circumstances of the case show, the capacity of the plaintiff to be that of a trustee, and that the beneficial interest is in the heirs of the first testator. There cannot be a mistake as to assets. The case in 7 T. Rep. does not deny the power of courts of law to take notice of trusts, with the restrictions mentioned ; but they shall not so far take notice of them, as to throw down the barriers established between those courts, and the chancery. The principal objection of the defendant's counsel, I think, I have now satisfactorily disposed of. It remains for me to consider, whether this action should have been instituted by the plaintiff, or a representative of the first testator.

The cases cited by the defendant's attorney, prove the right of the representative of the first testator to control the ultimate beneficial interest, but do not controvert the right of the plaintiff in this action, to recover. The case quoted from *Douglass* is not analogous. The question then could not occur, because as the administratrix *durante minore* estate had terminated, no subsequent administration could interfere with the *sci. fa.* of the executor.

The principles in *Salkeld* are not apposite, because it does not appear that there were conflicting rights, as in the present case. The same observation will apply to the case in *Raymond*.

But the cases cited by the plaintiff's counsel are conclusive, and with a substitution of bond for note, one case is in point. 10 Mod. 315. Betts *vs.* Mitchel.

The case of Jenkins *vs.* Plume, 6 Mod. 181, establishes this doctrine, " that when executor recovers in a case, in which he need not name himself as executor, and dies intestate, his administrator shall sue executor, and not the administrator *de bonis non*."

And it appears, if a bond is given, or a note made to the executor, for an antecedent debt, due to the testator, the executor may sue in his individual capacity, and that the mention of his derivative capacity is surplusage, not affecting his right to recover. 1 Rolls. Ab. 602. 1 Esp. 217.

If, upon this principle, therefore, *Henrietta B. Jones,* as surviving obligee, had a right to maintain this action in her individual capacity, surely that right can be delegated to no other person than the person who represents her estate. And this court will take care that the trust is properly discharged.

*Plea overruled.*

<div align="right">

*Noel* and *Berrien,* for Plaintiff.

*Harris,* for Defendant.